UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ALAN RAFAEL GALINDEZ-MAVARE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 3:26-cv-600-CCB-SJF |
| v. | ) | |
| | ) | |
| BRIAN ENGLISH, *et al.*, | ) | |
| | ) | |
| Respondents. | | |

**RESPONDENTS' RETURN TO PETITION FOR *HABEAS CORPUS***

Alan Rafael Galindez-Mavare ("Petitioner") petitioned for a *writ of habeas corpus* under 28 U.S.C. § 2241. He asks this Court to order that he be immediately released from custody. Though this Court has rejected a similar argument in prior proceedings, Petitioner reiterate its position that this Court should deny this Petition because Petitioner is lawfully detained as an "applicant for admission" pending removal proceedings under 8 U.S.C. § 1225(b)(2).

**INTRODUCTION**

Petitioner is a foreign national who entered the United States without admission or inspection. He is currently detained at Miami Correctional Facility pending the outcome of his removal proceedings. Petitioner argues

that his detention is unconstitutional and asks this Court to order his immediate release from custody, or alternatively, a bond hearing.

The Court should deny this petition. First, the Court lacks jurisdiction to grant the requested relief under 8 U.S.C. § 1252. Second, setting jurisdiction aside, Respondents respectfully maintain that Petitioner is lawfully detained as an alien "applicant for admission" pending his removal proceedings. 8 U.S.C. § 1225(b)(2). Respondents recognize that some of the legal issues presented in this case, including subject matter jurisdiction and the statutory authority for DHS to detain Petitioner, have already been ruled on by this District.[1] However, the applicability of § 1225(b)(2) continues to be litigated in courts across the country, and several courts have accepted Respondents' position,[2] including the Fifth and Eighth Circuits. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248 (8th Cir. March 25, 2026); *but see Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) (holding that noncitizens who are already present in the United States and not a flight risk or danger to the community are detained under

---

[1] *See e.g. Aguilar v. English, et al*, case no. 3:25-cv-898 (finding §1225(b)(2) did not apply); *Diaz v. English*, 3:25-cv-960 (same)*; see also Bhupinder Singh v. English, et al.*, case no. 3:25-cv-962 (same).

[2] *See Rojas v. Olsen*, 2025 WL 3033967, at *8 (E.D. Wis. Oct. 30, 2025) (finding that petitioner remained an "applicant for admission" under §1225(b)(2) because he was never admitted to the United States); *Chavez v. Noem*, - F. Supp. 3d -, 2025 WL 2730228, at *4-5 (S.D. Cal. Sept. 24, 2025) (same); *Pena v. Hyde*, No. 25-cv-11983, 2025 WL 2108913, at *2 (D. Mass. July 28, 2025) (same); *Sandoval v Acuna*, 2025 WL 3048926, at *1 (W.D. La. Oct. 31, 2025) (same).

Section 1226(a)); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026) (same); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026). In this circuit, the issue remains unresolved following the divided opinions in *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250 (7th Cir. May 5, 2026). Respondents respectfully note that Judge Kirsch's opinion properly concluded that the "broad reach" of the mandatory detention provision in § 1225(b)(2) "applies to aliens arrested in the interior as well as to those encountered at the border," *id.* at *27, *34-39 (Kirsch, J. dissenting). And while Respondents respectfully disagree with this District's prior decisions, in the interest of judicial economy, to expedite the Court's consideration of this matter, and to not waive the issue, Respondents submit an abbreviated response and incorporates by reference the legal arguments it presented in *Aguilar* (Ex. 1).

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Venezuela who entered the United States without admission or inspection. Ex. 2 (NTA) at 1. On March 17, 2026, Petitioner was arrested in Hendricks Country, Indiana for unlawful possession of a firearm by an alien. *Id.* at 7. Following his arrest, Petitioner was transferred to ICE pursuant to a detainer (*id.* at 4) and served with a Notice to Appear (*id.* at 1-3). Petitioner is currently detained at Miami Correctional

Facility in Bunker Hill, Indiana, as an "applicant for admission" pending resolution of his removal proceedings. 8 U.S.C. § 1225(b)(2).

## ARGUMENT

This Court should dismiss this *habeas* petition because it lacks subject matter jurisdiction. And setting jurisdiction aside, Petitioner's detention is lawful because he is an alien "applicant for admission" under § 1225(b)(2) and thus subject to mandatory detention. Respondents recognize that, despite its objections, this Court has previously rejected some of these arguments. To avoid any possible claim of waiver, Respondents nevertheless briefly review those arguments here.

## I. PETITIONER'S *HABEAS* CLAIMS SHOULD BE DISMISSED FOR LACK OF JURISDICTION.

The Court should dismiss this Petition because it lacks jurisdiction over Petitioner's *habeas* claim. Like the arguments presented in Respondents' response brief in *Aguilar*, this Court lacks jurisdiction by virtue of the jurisdictional bars set forth in 8 U.S.C. § 1252. *See* Ex. 1, p. 4-10 (discussing lack of jurisdiction under §§ 1252(e)(3)(A)(ii), (b)(9), and (g)). To avoid duplicative work and a long response, Respondents do not set out those arguments again here. Should this Court desire, Respondents can supplement this response with the complete arguments.

## II. THE COURT SHOULD DISMISS THE PETITION BECAUSE PETITIONER'S DETENTION IS LAWFUL.

Jurisdiction aside, Petitioner is lawfully detained as an alien "applicant for admission" pending the adjudication of removal proceedings under § 1225(b)(2). *See* Ex. 1, p. 10-21. Respondents contend that aliens who were never admitted to the United States do not qualify for bond and are properly detained under 8 U.S.C. § 1225. *Id.* at 10-20. Specifically, the plain text of the INA mandates that Petitioner —who is present in the United States without being admitted—is correctly considered an "applicant for admission" and therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Respondents' reading of § 1225 is consistent with the everyday meaning of the statutory terms. Petitioner is thus properly detained under § 1225(b)(2) because he unambiguously falls within the statute's scope.

And if any doubt remained, the structure and history of the statute dispel it by providing contextual support for Respondents' plain-text interpretation. Section 1225 governs the inspection, detention, and removal of aliens seeking admission into the United States. *See* 8 U.S.C. § 1225. It specifically defines which aliens are deemed "applicants for admission." *Id.* It provides (among other things) detailed procedures for handling them, including an expedited removal process, an asylum process, and detention requirements. *See, e.g.*, 8

U.S.C. § 1225(b)(1)(A)–(B).  And it includes specific detention requirements for "an alien who is an applicant for admission." *Id.* § 1225(b)(2)(A).

Petitioner is properly classified as an "applicant for admission" under § 1225(b)(2). He entered the country without inspection and has never been legally admitted. Ultimately, the plain text of § 1225(b)(2) makes clear that Petitioner is an alien "applicant for admission" and subject to mandatory detention during the duration of his removal proceedings. *Buenrostro-Mendez*, 166 F. 4th at 508. Accordingly, the Court should dismiss this Petition.

Respectfully submitted,

ADAM L. MILDRED
UNITED STATES ATTORNEY

*/s/ Brian W. Irvin*
BRIAN W. IRVIN
Assistant United States Attorney
United States Attorney's Office
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
T: (219) 937-5600
F: (219) 852-2770
Brian.Irvin@usdoj.gov
*Counsel for Respondents*

6